DAVID M. LITTLE & others, trustees, *vs.* OLD COLONY RAILROAD COMPANY & others.

Suffolk.     March 16, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Boston and Providence Railroad Corporation.   Old Colony Railroad Company. New York, New Haven, and Hartford Railroad Company.   Corporation,* Officers and agents.

In 1888 the Boston and Providence Railroad Corporation leased all of its property to the Old Colony Railroad Company for ninety-nine years, the lease containing provisions that the lessee was to make all "permanent improvements on said railroads and property at its own expense" and at the end of the term of the lease was to return the demised property to the lessor with all permanent improvements thereon, and that the lessee might request from the lessor a conveyance to persons designated by the lessee of real estate owned by the lessor which was outside of its location and not required by the lessee for railroad purposes, and that the money received for such conveyances should be received by the lessee and be applied by it to additions to the railroad other than improvements, which should "thereupon become the property of the lessor, and subject to the provisions" of the lease.   In 1893 the Old Colony Railroad Company made a lease for ninety-nine years of all its property, including its rights under the above lease, to the New York, New Haven, and Hartford Railroad Company, which succeeded to the rights and became subject to the obligations of the Old Colony Railroad Company under the first mentioned lease.   By St. 1896, c. 516, §§ 9-20, the Boston and Providence Railroad Corporation was ordered to discontinue the use of certain of its land in Boston for railroad purposes, to build a new station on Dartmouth Street and to extend its road to the South Terminal station.   By a deed in which all three of the foregoing railroad companies joined, the Boston and Providence Railroad Corporation sold and conveyed to the New York, New Haven, and Hartford Railroad Company "for one dollar and other valuable considerations" all of the land which the Legislature had ordered it to discontinue using for railroad purposes, and the New York, New Haven, and Hartford Railroad Company agreed that it would assume the burden of all suits against the Boston and Providence Railroad Corporation growing out of the extension of its railroad to the South Terminal station and

would defend or settle or pay the judgments in all such suits without cost to the Boston and Providence Railroad Corporation. The deed was executed by the president of the Boston and Providence Railroad Corporation acting under authority conferred upon him by the board of directors. *Held,* that the condition imposed by St. 1896, c. 516, §§ 9–20, was a new condition not contemplated by the parties to the leases, that the conveyance appeared to be made for an adequate consideration, and that it was within the powers of the directors of the grantor corporation.

BILL IN EQUITY filed in the Supreme Judicial Court for the county of Suffolk on June 4, 1908. The allegations and prayers of the bill are summarized in the opinion. The eighth and ninth clauses of the lease from the Boston and Providence Railroad Corporation to the Old Colony Railroad Corporation were as follows:

" Eighth. The lessee will, during the continuance of this lease, protect and save harmless the lessor and the Rhode Island Company* against all actions or claims for injury to persons or property during the term thereof, by reason of any want of repair of the demised road and property or appurtenances, or of the road, property and appurtenances of the Rhode Island Company, or any want of care and skill in the operation and management of the same, or by reason of any defects therein; and will not permit the lessor or the Rhode Island Company to be subjected to any payment, penalty or forfeiture for violation of law in any respect in relation to the maintenance and operation of their said roads and property; but will indemnify and save them harmless against all loss, cost, damage or liability caused by it, or arising out of the use and operation of said roads and property, whether by reason of any contract, statute, negligence or misfeasance, or by reason of the neglect of the lessee or lessor to use and operate said railroad and property as required by law during the continuance of this lease. The lessee will make all permanent improvements on said railroads and property at its own expense; will keep the demised premises reasonably insured, and apply the proceeds of any insurance to restoring and replacing the property destroyed, or otherwise to the benefit of the demised property; and, at the expiration

* From explanatory terms elsewhere in the lease, it appears that " the Rhode Island Company " means " the Boston & Providence Railroad Corporation in Rhode Island."

or earlier termination of this lease, it will return said demised road and property to the lessor as a railroad between Boston and Providence, with its now existing branches, and suitably equipped and provided with depots, stations, shops and other structures, of at least equal value with those now existing thereon, and in as good order and condition as the same now are, together with all permanent improvements thereon; and with rolling stock, machinery, tools, furniture, appliances, telegraph apparatus and equipment, of equal value with that hereby demised, according to the appraisal thereof.

"Ninth. The lessor will, upon the written request of the lessee, from time to time, convey to such person or persons as the lessee may appoint in such request such portions and parcels of the real estate owned by the lessor outside of its location, and not required by the lessee for railroad purposes, as the lessee may designate, and upon such reasonable terms and for such reasonable price as it may direct, at its expense, the proceeds to be received by the lessee; but upon an express agreement, however, by the lessee, that all proceeds thereof, or a sum equal thereto, shall be, or shall previously have been, from the funds of the lessee, applied to additions other than improvements upon the railroads of the lessor or their branches, or connected with their real estate, which shall thereupon become the property of the lessor, and subject to the provisions of this instrument; and if, at the expiration or earlier termination of this lease, the lessee shall not have expended in such additions a sum equal to the proceeds of the real estate so conveyed, the balance unexpended shall be paid over to the lessor without interest. But the lessor shall not be obliged, unless its directors consent, to convey any of its real estate in Boston east of the present Dartmouth Street bridge, or of the tract of land owned by it near the junction of its main road with the Dedham branch thereof, and between said branch and the New York & New England Railroad, containing about thirty-three (33) acres; upon which tract, unless thus previously conveyed, and unless it shall return the shops of the lessor now existing, the lessee shall, if not otherwise agreed with the directors of the lessor, place the shops which it is to return to the lessor upon the expiration or earlier termination of this lease, under the eighth article hereof."

The defendants demurred. The demurrers were heard and were sustained by *Loring*, J., and a decree was entered dismissing the bill with costs. The plaintiffs appealed.

*R. D. Ware*, for the plaintiffs.

*John Chipman Gray*, *Roland Gray & F. A. Farnham*, for the defendants, were not called upon.

KNOWLTON, C. J.   In 1888 the Boston and Providence Railroad Corporation, hereinafter called the Providence Company, leased its railroad, and substantially all its property, to the Old Colony Railroad Company, hereinafter called the Old Colony Company, for the term of ninety-nine years.   In 1893 the Old Colony Company leased its railroad, including the property held under the lease from the Providence Company, to the New York, New Haven, and Hartford Railroad Company, hereinafter called the New Haven Company, for the term of ninety-nine years, and this last mentioned corporation succeeded to the rights and became subject to the obligations of the Old Colony Company under the first mentioned lease.   The Legislature, by the St. 1896, c. 516, §§ 9–20, ordered the Providence Company to discontinue the use of its land east of Dartmouth Street in Boston for railroad purposes, to build a new station on Dartmouth Street, and to extend its road to the South Terminal station. This created a condition which was not definitely provided for by the lease, and was not contemplated by the parties.   By a deed dated May 4, 1904, the Providence Company sold and conveyed to the New Haven Company all its land east of Dartmouth Street for one dollar and other valuable considerations.   In the last part of the deed is this sentence: "For the above considerations, the New York, New Haven, and Hartford Railroad Company hereby agrees that it will, at its own sole cost and expense, assume the burden of any and all suits now pending, or which may hereafter be brought against said Boston and Providence Railroad Corporation, on account of the extension of its road to the terminal station in Boston, or in any way growing out of the same or connected therewith, and will defend or settle or pay the judgments in all such suits without cost to the said Boston and Providence Railroad Company."   The Old Colony Company joined in the deed to express its assent thereto, and the deed was signed by each of these three corporations.   This is a bill

brought by three stockholders of the Providence Company, for themselves and in behalf of other stockholders, to obtain the cancellation of this deed. Demurrers of the defendants were sustained, the bill was dismissed, and the case is before us on an appeal by the plaintiffs.

The deed is in proper form to bind each of the three corporations interested in the property as lessor or lessee, and there is no averment nor suggestion that it is not binding upon the grantee and the Old Colony Company. It can hardly be contended that it was not in the power of the Providence Company to make such a deed, with the consent of the Old Colony Company, or to ratify it, if made by its officers in its behalf, without authority. We are left, therefore, with only the question whether such a deed, executed by the president of the corporation in its behalf, under the authority of a vote of the board of directors, is so contrary to law that it can be set aside on the application of a minority of the stockholders.

The principal contention of the plaintiffs is that, after the enactment of the statute, the lessee was bound by the terms of the lease to build an addition to the railroad from Dartmouth Street to the South Terminal station, and construct terminal accommodations for the transportation of freight and for other railroad purposes, at its own expense, and to turn over this property to be held by the Providence Company at the termination of the lease. This contention rests chiefly upon the eighth clause of the lease, which must be considered in connection with the ninth clause, and with other parts of the lease.

It is manifest that the parties did not contemplate such legislation or such a condition when the lease was made, and they did not attempt specifically to provide for it. They did, however, make a general provision for permanent improvements upon the railroad, and for additions to it, and they recognized a distinction between improvements and additions. Under clause eight of the lease, the lessee was to make all permanent improvements at its own expense, and, at the end of the lease, was to return the demised road and property to the lessor, with all permanent improvements thereon. Under the ninth clause there is a provision in reference to additions to the railroad other than improvements, whereby the lessee might request a conveyance

by the lessor of real estate owned by the lessor outside of its location and not required by the lessee for railroad purposes, the money received for such property to be applied to additions to the railroad, other than improvements, which should "thereupon become the property of the lessor, and subject to the provisions of this instrument." Here is a plain implication that, in the absence of such a conveyance of property at the request of the lessee and an application of the proceeds to the cost of the additions, the additions would not be the property of the lessor, but would remain the property of the lessee at the termination of the lease. After the construction of the South Terminal station under the St. 1896, c. 516, and the extension of the railroad, so that the defendant could use the terminal station, the property east of Dartmouth Street was no longer required for railroad purposes, and it well might be appropriated by the Providence Company to payment for this addition to the railroad which had been provided by the New Haven Company, and to other proper purposes. There is nothing in the facts stated in the bill to indicate that the conveyance in question was not made for an adequate consideration, or that it was not for the interest of the Providence Company to make it. It does not appear what the other valuable considerations were in addition to the particular consideration mentioned in the last part of the deed. They may have been of very large value; indeed, from the answers and the documents annexed to them we infer that they were, although these answers and documents are not to be considered as a ground for our decision upon the demurrer. Certainly, in view of these unforeseen circumstances, it was equitable and proper for the Providence Company to sell this unused property, with the consent of all parties interested, and to acquire a title to the very valuable addition to its railroad and terminal facilities that had been procured and constructed at the expense of the New Haven Company, and which would remain the property of that company at the end of the lease, unless a conveyance of unused property was requested under the ninth clause of the lease, or some other arrangement was made. It was fitting that the Providence Company should make some equitable arrangement in regard to this, and, if necessary, should sell the real estate east of Dartmouth Street and use the proceeds as it did.

If this was a proper thing for the corporation to do, we see no reason why the board of directors might not do it by virtue of their authority as managing officers. This was real estate no longer needed by the corporation for corporate uses. The directors might dispose of it, as they could sell other property in the interest of the corporation. There is nothing in the lease that limits the power of the directors in this particular. There is nothing in the lease inconsistent with their making any proper disposition of property which is not needed for railroad purposes, if the parties to the lease consent. Indeed, the provision in the ninth clause, that the lessor shall not be obliged to convey real estate east of the Dartmouth Street bridge " unless its directors consent," is an implication that matters of this kind are under their control.

We are of opinion that the deed is valid, and that the entry should be, .

*Decree affirmed.*